[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of Danbury. Many of the facts that give rise to this action are not in dispute. The plaintiff, whose maiden name is Christine Marie Gullo, and the defendant, were married on September 15, 1990 in Seaford, New York. Both parties have resided continuously in the State of Connecticut for at least twelve months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are three minor children issue of this marriage, Christopher Michael Rapa, born October 22, 1999; Samantha Natalia Rapa, born April 20, 1994; and Travis William Rapa, born June 19 1997. No other minor children have been born to the plaintiff wife since the date of the marriage between the parties. There has been the receipt of some state assistance by the plaintiff.
The parties separated in October, 2001.
The court finds that the defendant is at fault for the breakdown of the marriage.
The parties sold their marital home in June, 2002. The plaintiff moved to her mother's home in Farmington, New York, with the children, with the defendant's consent.
The plaintiff has had an architectural degree for eleven years. She has never worked as an architect. It would be necessary for her to learn a computer program to go into that field. She currently seeks to get a Bachelor degree in interior design to allow her to work at home. She would be able to be self-employed or could work for another person at home. She needs twenty-three credits to obtain that degree. The court finds that she could obtain that degree and have time to obtain employment in that degree by June, 2007. CT Page 15522
The plaintiff has weekly expenses totaling $491.05. She has liabilities totaling $10,150. She has assets with a total cash value of $17,300.
The defendant has been self-employed throughout the marriage, including painting, construction and remodeling work.
On January 28, 2002, a finding was made that the defendant had an earning capacity for a net weekly take home pay of $750 excluding deductions for health insurance. The court finds that the defendant earning capacity has not changed from that date to the present time. Based on that earning capacity the total amount of support under the guidelines that the defendant should pay to the plaintiff $294 weekly. The defendant is also responsible for paying 58 percent and the plaintiff is responsible for paying 42 percent of unreimbursed medical. The plaintiff presently receives $56.12 weekly Social Security disability benefits on behalf of the minor child, Christopher.
The defendant has weekly expenses totaling $728. He has liabilities totaling $1,800.95. He has assets with a total value of $3,200.
The defendant has health insurance available to him as of October 1, 2002. The health insurance cost for him will be $48.50 plus an additional $3.31 weekly for dental. The health insurance for the defendant and the children will cost $109.61 weekly plus $8.15 weekly for dental coverage. This coverage will have a $5,000 deductible per family.
The parties entered into a stipulation dated May 8, 2002 coded 113-05. That stipulation related to the marital home located at 2 Lyrical Lane, Newtown, Connecticut, and other matters. The parties entered into a second stipulation dated October 8, 2002 regarding the issue of custody and visitation and other matters. Both stipulations are approved of by this court and orders are entered in accordance with each stipulation.
The defendant seeks to modify the stipulated visitation agreement of October 8, 2002 so as to allow him to have some visitation without the minor child, Christopher. Christopher had a stroke at birth. He is mentally retarded and has cerebral palsy. The court finds it is in the best interests of Christopher that all of the visitation with the minor child, Christopher, take place when the defendant visits with the two other children.
The State of Connecticut had a lien in the amount of $1,780 for assistance that was provided. That lien was released, discharged and paid off as a result of the sale of the marital home and the state has no further interest in this matter. CT Page 15523
As a result of the foreclosure of the family home, there was a net amount received of $27,881.39. Those funds were dispersed in accordance with stipulation dated May 8, 2002 between the parties. The court finds that as a result of the items that the defendant left at the family residence, the plaintiff was required to incur $450 to have items removed which the defendant is liable. In addition, there is an existing arrearage of $2,160 owed by the defendant to the plaintiff as of October 8, 2002.
 ORDERS
This court has considered the provisions of § 46b-82 regarding the issue of alimony, and has considered the provisions of § 46b-81 (c) regarding the issue of property division, and has considered the provisions of § 46b-62 regarding the issue of attorney's fees, and has considered the provisions of § 46b-56 regarding the issue of custody and visitation, and has considered the provisions § 46b-84, as well as the child support guidelines, regarding the issue of support. The court enters the following orders:
A. BY WAY OF DISSOLUTION
1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. BY WAY OF ALIMONY
1. The defendant is to pay to the plaintiff alimony in the sum of $25 per week. Alimony is to terminate upon the earliest of the following events: (a) the death of the plaintiff, (b) the death of the defendant, (c) the remarriage of the plaintiff, (d) June 1, 2007 which will allow the plaintiff sufficient time to complete her educational courses and obtain employment. The term of alimony cannot be extended.
2. The provisions of §§ 46b-86 (a) and (b) are applicable. An immediate wage execution is authorized.
C. BY WAY OF SUPPORT
1. The defendant is to pay to the plaintiff support in the amount of $294 weekly. He is also to pay 58 percent and the plaintiff is to pay 42 percent of unreimbursed medical after the plaintiff has first paid the sum of $100 annually in accordance with the guidelines. He is also responsible for 58 percent of qualifying child care costs, and the CT Page 15524 plaintiff is to pay 42 percent.
2. The defendant is to maintain medical insurance for the benefit of the minor children as is available through his employment until each child reaches the age of eighteen or if still in high school full-time until graduation from high school or age nineteen whichever occurs first.
3. The defendant has the right to claim all children as exemptions for federal or state income tax purposes for each year that he is current in his alimony and support payments entered in this decision as of December 31 of each such year.
4. An immediate wage execution is authorized.
D. BY WAY OF CUSTODY, VISITATION AND PROPERTY ORDERS
1. The stipulation and agreement of the parties dated May 8, 2002 captioned "Stipulation and Agreement of the Parties" and the stipulation of the parties dated October 8, 2002 "Stipulation of the Parties" are both approved of and orders are entered in accordance with those stipulations.
E. BY WAY OF ATTORNEY'S FEES
1. No attorney's fees are awarded in favor of the plaintiff.
F. MISCELLANEOUS ORDERS
1. Counsel for the plaintiff is to prepare the judgment file by January 8, 2003 and filed in the clerk's office.
2. The parties are to exchange copies of their federal and state income tax returns within thirty days after such returns have been filed for so long as there is an outstanding alimony and/or support order, or any alimony and/or support arrearage.
3. The arrearages found in this decision are not to be merged into the judgment. Any other arrearage that may have arisen since the date the trial ended are also not to merge into the judgment. The arrearage of $2,160 is to be paid at the rate of $58 weekly commencing one week from the date this decision is filed. In addition, the defendant owes the plaintiff $450 for items that she was required to remove from the family residence in order to complete this sale. That $450 is to be paid in full by June 1, 2003 by the defendant to the plaintiff. CT Page 15525
 ___________________ Sidney Axelrod, Judge Trial Referee
CT Page 15526